419 A.2d 630

**Eugene A. POLLICE, Appellant at No. 125,**

v.

**Claudia Ann POLLICE, Appellant at Nos. 404 and 755.**

Superior Court of Pennsylvania.

Argued Nov. 14, 1979.

Filed April 11, 1980.

2

Samuel R. Sciullo, Pittsburgh, for appellant at No. 125 and for appellee at Nos. 404 and 755.

Homer W. King, Pittsburgh, for appellee at No. 125 and for appellant at Nos. 404 and 755.

Before CERCONE, President Judge, and MONTGOMERY and LIPEZ, JJ.

PER CURIAM:

This appeal from the divorce proceedings below involves cross appeals: At No. 755 April Term wife–defendant questions the propriety of the decree in divorce granted on the grounds of indignities to husband–plaintiff. At No. 125 April Term 1979, husband–plaintiff appeals from the order of the lower court granting counsel fees to wife–defendant. Finally, at No. 404 April Term 1979, wife–defendant argues that the lower court abused its discretion in not requiring plaintiff–husband to post a bond when it stayed her efforts to collect counsel fees previously awarded; and secondly, she

argues that the lower court also abused its discretion in denying her request for alimony pendente lite and expenses.

■ Initially, we agree with the lower court which granted husband–plaintiff's divorce on the recommendation of the master. Our independent review of this voluminous record leads us to the same conclusion; that the wife committed such indignities to the person of her husband as to make his life burdensome, and his condition intolerable, entitling him to a divorce a.v.m.

■ We are of the further opinion that the allowance of $5,841.00 plus an additional sum of $500.00 later awarded, was a reasonable amount as compensation to Homer W. King, Esquire, for the services rendered to the wife–defendant in this matter; and the court's decision was properly based on the parties' relative present and potential financial status.

■ As to the wife's additional appeal, at No. 404, the grant of the supersedeas and the refusal of the court to post a bond as security for payment of Mr. King's counsel fees pending appeal is now a moot issue and we will therefore not rule on it because with our disposition of these appeals, the defendant and her counsel may now resort to whatever legal process necessary to compel payment–this would include investigation to locate the assets of the husband–plaintiff. As to the disallowance of the wife's claim for alimony pendente lite, we are satisfied that the record supports the lower court's finding "that defendant's earnings from her employment provide sufficient funds for her present maintenance and support needs during the pendency of the within action . . ."

Therefore, the order of the lower court involved in the appeal at No. 755, granting a decree in divorce to the husband is affirmed; the order involved in appeal No. 125, granting counsel fees to the wife is affirmed; and the order addressed by No. 404, alimony pendente lite to the wife is affirmed.