## Monkiewicz v. Strawberry Court Co., Inc.

*Richard T. Collier*, for plaintiff.
*Susan C. Waltman*, for defendant.

GAFNI, *J.*, November 22, 1982—The matter before this court is defendant Philadelphia Saving Fund Society's (PSFS) preliminary objections to plaintiff Joseph Monkiewicz' (Monkiewicz) second amended complaint. The pertinent facts are as follows:

Monkiewicz, a subcontractor, provided demolition services in connection with a construction project located at 12-24 Strawberry Street in Philadelphia. Defendant Strawberry Court Company, Inc., (Strawberry Court) owned the premises. Defendant Stanco Construction Company, Inc. (Stanco) served as general contractor for the project. Defendant PSFS provided construction financing.

The second amended complaint asserts causes of action for breaches of contract against Stanco (Counts I-IV); and against Strawberry Court for unjust enrichment (Count V). Count VI alleges a cause of action against PSFS and alleges inter alia, that PSFS's refusal to pay plaintiff for his services constitutes conversion.

PSFS claims that the terms of a construction loan

agreement between PSFS and Strawberry Court preclude plaintiff from asserting this action as a matter of law. The contract provides that the agreement does not create "any rights, claims, or causes of action against the Bank . . . in favor of the General Contractor or any other contractor, subcontractor, . . . or any other person . . . other than Owner." (Article 8.02 of the Contract). The provision also contains a clause which states that "advances made directly to the . . . subcontractor . . . shall not be deemed a recognition by the Bank of a third-party beneficiary status of any such person or entity." Id. PSFS maintains that since Monkiewicz was not a party to the construction loan agreement, the bank is not liable to him.

In R & M Shoemaker v. Southeastern Pennsylvania Economic Development Corp., 275 Pa. Superior Ct. 594, 419 A. 2d 630 (1980), the court construed a provision similar to Article 8.02. The court stated that to hold a construction financier liable to an alleged third-party beneficiary (i.e., the subcontractor), the intention to assume such liability, and the liability itself, "must be created and must affirmatively appear in the contract . . . " Id. at 600. Under Shoemaker, Monkiewicz' claim at law against PSFS would be barred because the clause indicates no intention by the bank to assume liability as to him. The Shoemaker court also noted that there was no factual basis for asserting a claim for unjust enrichment against the construction financier in that case.

Monkiewicz maintains that he has potential right of recovery against PSFS for unjust enrichment. Subsequent to the Shoemaker decision, the court considered the availability of an unjust enrichment remedy to unpaid subcontractors against a construction lender in Gee v. Eberlee, 279 Pa. Superior Ct. 101, 420 A.2d 1050 (1980). The Gee Court held

that a court could impose a constructive trust upon the unexpended construction loan funds held by the construction lender for the benefit of the unpaid subcontractors, under certain circumstances.

The second amended complaint does not specifically plead a claim of unjust enrichment against PSFS. At this preliminary objection stage of the litigation, moreover, there are insufficient facts upon which Monkiewicz would predicate such a claim. Discovery is necessary to determine, inter alia, whether PSFS took possession of the premises, instituted mortgage foreclosure proceedings against the owner and/or sold the property. It is the opinion of this court that Monkiewicz should not be precluded from developing a factual basis, if any, for a claim on unjust enrichment at this time.

Accordingly, the court grants defendant PSFS's preliminary objections to the second amended complaint without prejudice to plaintiff's right to amend his complaint to include a count for unjust enrichment and further plead specific facts as discovery proceeds in this case.

## ORDER

And now, this November 22, 1982, upon consideration of the preliminary objections filed by the Philadelphia Saving Fund Society and plaintiff's answer thereto, it is hereby ordered and decreed that:

(1) the preliminary objections to Count VI of plaintiff's second amended complaint are granted and the said count is stricken; and

(2) plaintiff is granted 20 days from notice hereof to amend his complaint to include a claim for unjust enrichment against the Philadelphia Saving Fund Society. (Opinion attached.)